MC

**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
DIVISION

JAN 29 2019 LA

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CORD HARRIS (N-80459)

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

WARDEN RANDY PFISTER, for purpose of Identification and Offical capacity.
COUNSELOR WILLIAMS, in her Offical and Individual capacity.
RECORDS OFFICE SUPERVISOR JANE DOE, In her Offical and Individual capacity.
HOUSING UNIT OFFICER JOHN DOE In his Offical and Individual capacity.
STATEVILLE CORRECTION CENTER, for indemnification purposes, in Offical capacity
DIRECTOR OF WESTFORD MEDICAL In his Offical capacity, and indemnification.

Case No: 1:18-cv-04342
(To be supplied by the Clerk of this Court)

STATEVILLE INTAKE PSYCOLOGIST JOHN DOE, In his Offical and Individual capacity.
NRC PLACEMENT OFFICER JOHN DOE, In his Offical capacity.
NRC LIVING UNIT LIEUTENANT JOHN DOE, In his Offical capacity.
STATEVILLE NORTHERN RECEIVING CENTER INTAKE DOCTOR, in his Offical capacity.

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:    **AMENDED COMPLAINT**

__X__    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         U.S. Code (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
         28 SECTION 1331 U.S. Code** (federal defendants)

__X__    **OTHER** (cite statute, if known) Pursuant 28 U.S.C §1331 and USC §1343 Pursuant 28 USC § 1362(a)
         SEXUAL ASSAULT, Respondeat Superior, Intentional Infliction of Emotional Distress

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I. **Plaintiff(s):**

A. Name: Cord E. Harris

B. List all aliases: none

C. Prisoner identification number: N80459

D. Place of present confinement: Dixon Corr. Ctr.

E. Address: 2600 N. Brinton ave. Dixon, IL. 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Randy Pfister
Title: Warden
Place of Employment: Stateville Corr. Ctr.

B. Defendant: Ms. Williams
Title: Counselor
Place of Employment: Stateville Corr. Ctr.

C. Defendant: Jane Doe #1
Title: Records Office Supervisor
Place of Employment: Stateville Corr. Ctr.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. John Doe
Housing Unit Officer
Stateville Corr. Ctr.

E. Stateville Corr. Ctr. NRC
Prison
ILLINOIS

Revised 9/2007

F. Defendant: Director of Westford Medical John Doe
   Title: Director
   Place of Employment: Agent of I.D.O.C. Stateville C.C.

G. Defendant: Placement Officer John Doe
   Title: Correctional Officer
   Place of Employment: Stateville Correctional Center

H. Defendant: Living Unit Lieutenant John Doe
   Title: Correctional Officer Supervisor
   Place of Employment: Stateville Correctional Center.

I. Defendant: Stateville Intake Doctor
   Title: Stateville Intake Doctor
   ~~Placement~~ Place of Employment: Stateville

J. Defendant: Stateville Intake Psycologist John Doe
   Title: Stateville Intake Psycologist
   Place of Employment: Stateville Corr. Ctr.

Continued from page #2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Unknown 2014, 2015, 2016, 2013

B. Approximate date of filing lawsuit: 2014, 2015, 2016

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Cord E. Harris

D. List all defendants: Officer Carrol, Detective Ryan Ruthenberg, Cook County, City of Streamwood

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District 219 S. Dearborn

F. Name of judge to whom case was assigned: Cole, woods unknown

G. Basic claim made: Deliberate indifference's failer to protect, Battery

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed, and Settlement

I. Approximate date of disposition: 2015

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3     Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

① On or about November 6th 2016, Plaintiff arrived at the Stateville Correctional Center, Northern Receiving Center. ("N.R.C.")

② Plaintiff was arrived at the N.R.C. a "time concidered served" person. And was informed that he must serve a Manditory Supervised Release term.

③ On or about November 6th 2016, Plaintiff's M.S.R. was violated, and he began processing into the N.R.C.

④ On or about November 6th 2016, The Plaintiff was ordered to see the processing counselor. There she informed the Plaintiff that a call was received on him from the State Attorney's Office.

⑤ That "they" are going to keep you here for the next two years. Here in a intake holding cell, at the N.R.C., When the average stay in the intake is 2 to 6 weeks.

4
Attached
1 of 8

Revised 9/2007

6) Record Supervisor Jane Doe is in part, responsible for the processing of inmates intake information, and keeper of inmates Master file.

7) Upon information and belief, Record Supervisor Jane Doe, was in part responsible for the manipulation of the Plaintiff's intake file and status, from "Parole Violator transient" to a "Minimum Security, Permanent Party Unity. ("M.S.U.").

8) As to the claim in paragraph 7, Records Supervisor Jane Doe (Defendant) denied Plaintiff's grievance and requests, by not answering back, and verbal requests.

9) Plaintiff was ordered to see the Medical Doctor as part of the intake process. Doctor John Doe prescribed all Heart medication, but the Doctor denied the pain medication for the back and knee injuries that the plaintiff suffers from.

10) The (defendant) Doctor received the Plaintiff as a American Disability Act (A.D.A.) Inmate, and prescribed

a "Low bunk/Low gallery" order along with a crutch to assist in mobility. because intake officers took the Plaintiff's cain.

⑪ As to the claim in paragraph 10, and 9. (Defendant) Doctor John Doe denied the Plaintiff's request for the proper pain medication perscribed by Cook County Hospital Doctors.

⑫ Plaintiff spoke to the next group in line for processing the intake, Inwhich was the psycologist. Due to the medical report from Cook County, of the Medication that he was on.

⑬ No Psychiatrist was available during processing to see, and none showed up until a week later to prescribe very much need psycological medication.

⑭ Once prescribed Plaintiff had to wait two more weeks for approval and delivery. Due to what the Illinois Department of Correction (I.D.O.C.) call "Band Medication".

⑮ As to the claim in paragraphs 12, 13, 14, the Plaintiff filed multipal grievances, however, none was answered or seen again. And all requests was never answered.

⑯ Plaintiff was taken to the back and place in a intake holding cell, and held there for six ("6") months (19) days, Locked in for 24 hours a day, 6 days a week.

⑰ Plaintiff was not allowed to shower, but for 10 minutes once a week.

⑱ Plaintiff one two by two and a half (2·2½) inch bar of soap once a week.

⑲ Weeks, sometimes months would pass without cell cleaning supplies.

3 of 8

20) The showers was so filthy, that black mode coated the walls, and thousands of bugs flew around the shower stalls.

21) Plaintiff developed a really bad feet fungus that caused the Plaintiff's toe nails to fall off.

22) Plaintiff suffered from food poisening during the time he was held in the intake cell for approximately ten ("10") days before he was taken to the infirmary.

23) As to the claim in paragraphs 16-21, the Plaintiff filed multipal grievances on all issues therein.

24) As to the claim in paragraph 22, multipal requests was made by mail and verbally. A grievance was also mailed in.

25) Plaintiff was occassionally provided a very inadequate razor, with raise edges, or centers. which cause lots of cuts, and slices due to no mirrors.

26) The Plaintiff's mattress and bedding provided, was so heavily soiled with human filth, that the sheets would cling to his skin.

27) The every other week, or so Laundry service. Provided little or no help in the cleaning. In fact, items usually came back worst, due to the method used to wash. Being that all items you wash had to be shoved in a small laundry bag that did not allow the clothing to be circulated.

28) It is through information and belief, Records Supervisor Jane Doe, with evil intent tok the necessary steps needed, to hinder the Plaintiff's writ to Circuit Court in effort to keep the Plaintiff locked away in the intake cell.

29) Upon information and belief Counselor Williams was was in cahoots with the Records Supervisor. Together, with malicious and sadistic intent. Manipulated information, and hindered the Plaintiff's attempts to the courts, and ~~through~~ the grievance system, obtain help on the illegal detention in the intake segregated cells.

30) At one point, the Plaintiff was housed on "J" unit. The unit Officer, named Thomas, or Thomson. Asked the Plaintiff if he was some kind of Gang Chief. The Plaintiff replied, "why do he ask." His reply was, that "Counselor Williams requested that all of the Plaintiff out-going mail be placed not with the normal outgoing mail. But placed in her personal mail slot."

31) Upon information and belief, The Supervisor of Counselor Williams is directly involved in the illegal detention of the Plaintiff for the six months, 19 days.

32) As to the claim in paragraph 29. Plaintiff spoke directly to the counseling Supervisor, in response to a grievance filed on Ms. Williams concerning the mail tampering. No paper work was ever returned to the Plaintiff. Plaintiff then writen letters to Springfield

33) April 24th 2017. Plaintiff was able to flag down a "Major" (A tall white guy, middle age, with a crop-top hair-cut) in the hallway of the medical infirmary.

34) Plaintiff explained, to the illegal detainment in the intake holding cell. The major checked out the Plaintiff's claim. Moments later, he sent a officer to the cell and told me to pack-up to go home. The next day, I was released

35) Plaintiff was returned to the N.R.C June 30th 2017.

36) Plaintiff was once again received as a A.D.A inmate with Low bunk/Low gallery medical status.

37) Upon information and belief, copies of this medical order is immediately sent to Mr. Harris's Medical file, Master file, The Placement Officer, The Living Unit Lieutenant, and the Assistant Warden of Operations.

38) After processing, (Mr. Harris) Plaintiff was placed in a Low gallery/Low bunk cell.

39) On or about June 30th 2017. Plaintiff was awaken at approximately 1:30 that night and removed from his cell by Officer John Doe.

40) Plaintiff was ordered by Officer John Doe to remove his assigned mattress and beding to be move to a differant cell.

41) Plaintiff was then moved to a different Unit by Officer John Doe, and forced by threat of bodily harm, to climb up to the third floor while struggling with the bedding and on crutches, and caused great pain.

42) Once on the third floor, Officer John Doe ordered the Plaintiff in a cell. Moments later the door opened, and "Upon information and belief," a homosexual, entered who immediately stripped of all clothing an began making sexual threats while fondling his self.

43) Officer John Doe Looked on for a moment and Laughed while walking away.

44) Once the Officer decended the stairs. The inmate stopped the threats then stated: "I have nothing

6 of 8

45) to worry about, that he is doing what he was told to do inorder to get/or go where he wants to go." "That he was not going to touch me."

46) On or about July 1st 2017. Officer Willson came to cell in order to serve the Plaintiff Parole Violation documents.

47) Officer Wilson witnessed the naket inmate, and suffered his taunts. She then shoved the documents under the door and walked away.

48) Just minutes after Officer Wilson departure. A Major appeared with 3 or 4 Officers, and removed the inmate and myself from the cell.

49) Later that same day of approximately July 1st 2017 A Internal Affairs investigation was conducted, by order of that Major.

50) The question of "who was the Officer was asked"? and what happened"? The Plaintiff informed "them" of the assult, and advised them to Look at the camera for his identification because his name tag was covered, John Doe can be identified through Internal Affairs, or Warden Hister.

51) As to the claim in paragraphs 33 through 48 Plaintiff filed grievances and made multipal attempts to make a report with "the Federal Prison Rape Elimination Act." (P.R.E.A.) through the prison mailing system. However, no reply came until the Plaintiff hiden the report in a "confidentual" John Howard Asso. sealed Letter.

52) Plaintiff was soon after, shipped to Danville Corr. Ctr.

7 of 8

53) The Placement Officer known or should have known that the Plaintiff was a A.D.A. Inmate, and should never have been moved to a top gallery.

54) The Living Unit Lieutenant known or should have known. That the Plaintiff was a A.D.A. Inmate and should never have allowed the Plaintiff to be move to a top gallery.

55) Upon information and belief, it is the policy and/or practice of I.D.O.C.'s Westford Medical personal to force Inmates to suffer without medication for weeks while a alledged panal decided wether a person can have his Doctor prescribed medication, because of some other inmate's abuse of it.

56) On or about April 30th 2018. Plaintiff was forced yet again to go over two weeks without vital medication Due to the policy and or practice of Stateville C.C.

57) When Plaintiff complained about not having his medictien, by stating: "What, am I suppose to go cold Turkey." He was stripped of all clothing, and thrown in a very cold cell, with a cement slab in the middle of the room, and a very bright light that never go off.

58) Plaintiff was forced to remain in this painfully cold cell without bedding, and one smok to only cover private parts, for three days of torture.

59) Psycologist John Doe, had the plaintiff thrown in the cell mentiened in paragraph 55.

8 of 8

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A. 1,500,000 in Compensatory damages, and
B. 15,000,000 in Punitive damages and any other awards the court may see fit.
C. Order Defendants to pay reasonable Attorney Fees and Costs
D. Also for the court to award Nominal relief in the amount of 1,500,000

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __1__ day of __17__, 20 __19__

_____
(Signature of plaintiff or plaintiffs)

Cord E. Harris
(Print name)

N80459
(I.D. Number)

2600 N. Brinton Ave.
Dixon Corr. Ctr.
Dixon IL. 61021
(Address)



# John Howard Association of Illinois

P.O. Box 10042, Chicago, IL 60610-0042
Tel. 312-291-9237 Fax. 312-526-3714

June 26, 2018

Mr. Cord Harris #N80459
P.O. Box 112
Joliet, IL 60434

Dear Mr. Harris,

Your letter raised a PREA claim and was marked "attn: PREA." The federal Prison Rape Elimination Act (PREA) established a zero tolerance standard for sexual abuse and harassment in prisons and jails in the United States.

JHA's role regarding PREA claims is as a third party reporter. This means that we must pass on inmate PREA reports (envelopes/letters marked "attn: PREA") to IDOC to investigate, but we cannot independently investigate reports. PREA reports are sent to the IDOC-PREA Coordinator in Springfield. Unlike all other letters mailed by inmates to JHA, we cannot record the issues raised via the letters or keep copies of the letters. IDOC does not communicate with JHA as to what results from the letters marked "attn: PREA" that were forwarded to the department.

Basically, when an inmate writes "attn: PREA" on an envelope or in a letter, they are signaling that they are writing a confidential letter to IDOC, rather than writing a confidential letter to JHA. All letters that do not have "attn: PREA" written on it are treated as confidential and help us monitor what happens behind prison walls. If you wish to inform JHA of whatever issue you wrote about, you will have write us another letter that does not have "attn: PREA" on the envelope or letter.

You letter dated 6-15-18 was forwarded to IDOC's PREA Coordinator in Springfield on this day.

Regards,

JHA Staff

# Illinois Department of Corrections
## Low Gallery Permit

Facility: __NRC__  Date: __4-23-18__

Inmate Name: __Harris Cord__  IDOC#: __N20459__

**Absolute Criteria for Low Gallery Permit:**

☐ Wheelchair (Permanent/Temporary)

☒ Crutches (Permanent/Temporary)   # 1

☐ Amputee (Lower Extremity/Upper Extremity)

**Physician Discretion Criteria for Low Gallery Permit (Functional Mobility/PT Evaluation Required):**

__ Age >=65 with diagnosis of DJD

__ Neuromuscular Disease (i.e. MS, CVA)

— S/P (R) knee replacement + GSW

☐ Blindness (by request)

**Expiration Date:** 12/30/18

**Next Appointment Date:**

Ordering MD: __C Custro D__ (print) __Custro__ (signature)   Date: 4-23-18

Notice given to HCUA by: __Kranl H__ (print) _____ (signature)   Date: 4/23/18

Notice given to Placement Office by: _____ (print) _____ (signature) Date:

Distribution: Offender
  Offender Medical File
  Placement
  Offender 360
  Living Unit Lieutenant
  Assistant Warden of Operations

Printed on Recycled Paper

STA 0255 (Effective 3/2018)

# Illinois Department of Corrections
## Low Bunk Permit

Facility: NRC          Date: 4-23-18

Inmate Name: Horns Cad       IDOC#: 80459

**Absolute Criteria for Low Bunk Permit:**

- [ ] Seizure Disorder
- [ ] Wheelchair (Permanent/Temporary)
- [x] Crutches (Permanent/Temporary)   # 1
- [ ] Amputee (Lower Extremity/Upper Extremity)
- [ ] Sling

**Physician Discretion Criteria for Low Bunk Permit (Functional Mobility/PT Evaluation Required):**

- ___ Age >=65 with diagnosis of DJD
- ___ BMI >=35
- ___ Neuromuscular Disease (i.e. MS, CVA)

s/p (R) Knee replacement + GSW unsteady gait

- [ ] Blindness (by request)

Expiration Date: 10/18

Next Appointment Date:

Ordering MD: _____ (print) _____ (signature)    Date: 4-23-18
Notice given to HCUA by: _____ (print) _____ (signature)    Date: 4-23-18
Notice given to Placement Office by: _____ (print) _____ (signature)    Date:

Distribution: Offender
              Offender Medical File
              Placement
              Offender 360
              Living Unit Lieutenant
              Assistant Warden of Operations

Printed on Recycled Paper          STA 0254 (Effective 3/2018)

Jaun Martinez
(773) 449-9594 Kim
Babymalo AKA Negrito

Reafogot
(773) 816-2534

(Waukegan)
(North Chicago)